IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

USA DENT COMPANY, LLC, and DENNIS SANDERS,

    Appellants,

v.                                           Case No. 21-2432-JWB

DAVID EAGLE and BRANDY EAGLE,

    Appellees.

**MEMORANDUM AND ORDER**

This bankruptcy appeal comes before the court on Appellants' response to this court's show cause order. (Doc. 11.) For the reasons stated herein, this appeal is DISMISSED FOR LACK OF JURISDICTION.

USA Dent Company, LLC, and Dennis Sanders filed a notice of appeal pertaining to an order of the bankruptcy court appointing McDonald Tinker PA to prosecute the claims in 20-1146-JWB, an employment action in this court for unpaid wages brought by Appellees against Appellants. McDonald Tinker PA was appointed pursuant to 11 U.S.C. § 327, which allows the employment of attorneys or other professionals. Appellants objected to the appointment order on the basis that McDonald Tinker PA has a conflict of interest that is not waivable and, therefore, cannot be appointed to represent Appellees in their civil action. (Doc. 5.) In their briefing, the parties both generally asserted that this court has jurisdiction over this matter. (Docs. 5 at 4; 6 at 6.) After reviewing the briefing and relevant authority, the court determined that the order at issue was not a final order and ordered Appellants to show cause why the appeal should not be dismissed for lack of jurisdiction. Appellants have now responded and assert that this court has jurisdiction under the collateral order exception.

1

## Analysis

Appellants elected to have the appeal heard by this court.  28 U.S.C. § 158(c)(1).  Under § 158(a), this court has jurisdiction to hear appeals from final judgments, orders, and decrees, and from interlocutory orders and decrees issued under section 1121(d) of Title 11.  A bankruptcy order granting employment to a professional under § 327 is not a final order.  *In re Union Home & Indus., Inc.*, 376 B.R. 298, 302 (B.A.P. 10th Cir. 2007); *see also Spears v. U.S. Tr.*, 26 F.3d 1023, 1024 (10th Cir. 1994) ("Orders relating to the appointment of counsel in bankruptcy are interlocutory and unappealable until final disposition of the proceeding."); *In re Devlieg, Inc.*, 56 F.3d 32, 33–34 (7th Cir. 1995) (order refusing to disqualify counsel non-final); *In re Callister*, 673 F.2d 305, 307 (10th Cir. 1982), *aff'd*, 1984 WL 249787 (10th Cir. April 16, 1984) (interim fee awards non-final); *Wholesalecars.com v. Leo*, 572 B.R. 367, 376 (N.D. Ala. 2017) (collecting cases).

In response to the show cause order, Appellants urge the court to hear the appeal of a non-final order under the collateral order exception established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949) which allows a party to appeal non-final orders.  For an order to be reviewable under the narrow *Cohen* test, Appellants must show that the order (1) conclusively determines a disputed question; (2) "resolve[s] an important issue completely separate from the merits of the action;" and (3) is "effectively unreviewable on appeal from a final judgment."  *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 431 (1985).  All three requirements must be met.  *In re Harwell*, 298 F. App'x 733, 736 (10th Cir. 2008).

In support of their argument that the exception applies, appellants cite to *In re Union Home*.  In that case, the Tenth Circuit Bankruptcy Appellate Panel held that an interim fee order was not appealable and it did not fall under the collateral order exception.  *In re Union Home*, 376 B.R. at

301-03.  In finding that the exception did not apply, the court held that there was no irreparable harm because the issue could be addressed on appeal and the court would be in a better position to assess all of the issues after conclusion of the case.  *Id.* at 303.  The bankruptcy appellate panel did not address the other two elements as it found the third element lacking.

Here, Appellants assume the first two requirements are met without much discussion and argue that the third requirement is met because they will suffer prejudice and be irreparably harmed due to the alleged conflict of interest. (Doc. 11 at 4-6.)  The court finds that Appellants have failed to show that the second and third requirements of the *Cohen* test have been met here.  With respect to the second requirement, the Tenth Circuit has held that an order appointing counsel is "not completely separate from the merits.  This is so because '[o]nly after assessing ... the final judgment could an appellate court decide whether the client's rights had been prejudiced [by the appointment of counsel].'"  *In re Harwell*, 298 F. App'x at 736 (quoting *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389-90 (9th Cir. 1992) (finding that a bankruptcy order appointing counsel in related state court litigation is not appealable under the collateral order exception)); *see also Richardson-Merrell, Inc.*, 472 U.S. at 430-41.  Therefore, such orders do not meet the second requirement of the *Cohen* test.  *Id.* (citing *Richardson-Merrell, Inc.*, 472 U.S. at 439).

Moreover, although Appellants generally argue irreparable harm, the Supreme Court has determined that such orders can be reviewed on appeal and, therefore, the third requirement of the *Cohen* test is not met.

> An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not. The propriety of the ... court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment. The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision

will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981); *see also In re Harwell*, 298 F. App'x at 736.  Given this authority, the court finds that the bankruptcy court's order is not reviewable under the collateral order exception.

Appellants also ask this court to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(3), which allows a party to seek leave of court to appeal an interlocutory order.  (Doc. 11 at 6.)  As stated in the show cause order, the court declines to grant leave to appeal here.

Finally, Appellants argue that this court has jurisdiction because the bankruptcy court applied the wrong standard.  (*Id.* at 7.)  In support of their argument, Appellants cite to *In re Nucor, Inc.*, 118 B.R. 786 (D. Colo. Bankr. 1990).  In that case, however, the court held that orders appointing counsel under § 327 are not final and do not fall under the collateral order exception.  *Id.* at 788.

Therefore, Appellants have failed to establish that this court has jurisdiction over this appeal.

## Conclusion

For the reasons stated herein, this appeal is DISMISSED FOR LACK OF JURISDICTION. IT IS SO ORDERED.  Dated this 31st day of May 2022.

                                                         s/ John W. Broomes
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE